IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PENSION BENEFIT GUARANTY CORP.,

    Plaintiff,

v.                                     Civil Action No. 5:02CV161
                                                (STAMP)

BOURY, INC.,
BOURY BROTHERS MANAGEMENT
CONSULTANTS, INC. and
808 CORPORATION, a corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REOPEN CASE
AND SCHEDULING A STATUS AND SCHEDULING CONFERENCE**

I.   Facts and Procedural History

On June 14, 2006, this Court entered a stipulated final order and judgment in the above-styled civil action requiring the defendants, jointly and severally, to pay the plaintiff, Pension Benefit Guaranty Corporation ("PBGC"), $143,400.00. The order further specified that within sixty days of the entry of the order, defendant 808 Corporation was to use its best efforts to effect the sale of a warehouse facility located at 2 Sixteenth Street, Wheeling, West Virginia, and to pay $143,400.00 of the net proceeds of the sale to PBGC. Additionally, the order provided that PBGC, in its sole discretion, could exercise its rights and remedies to enforce the judgment and the statutory PBGC lien had perfected pursuant to pursuant to 29 U.S.C. § 1368(a) against all real and personal property of the defendants in the event that the defendants, or any of them, failed to satisfy the judgment within

sixty days of the date of entry of the order.[1]  In the stipulated final order, this Court dismissed the action but specifically retained jurisdiction to enforce the terms of the judgment and the statutory lien.

On December 20, 2007, PBGC filed a motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b).  In its motion, PBGC asserts that the defendants have failed to satisfy the judgment set forth in the June 14, 2006 order.  In response, 404 Partners, LLC ("404 Partners"), an interested party and the holder of title to the facility in question, requests that PBGC's motion be denied.  PBGC has filed a reply to 404 Partners' response.  With leave of court, 404 Partners filed a sur-reply.  This Court has considered the briefings and relevant law, and, for the reasons stated below, concludes that PBGC's motion to reopen the case should be granted.

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

---

[1] Pursuant to the terms of the order, the amount of the PBGC lien is limited to the amount of the judgment, and post-judgment interest, if any, would not begin to accrue until sixty days after the entry of the order.

2

> (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Subsection (6) of Rule 60(b) is a "catch-all" provision which permits relief for "any other reason justifying relief from the operation of the judgment." A Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1)-(5) of Rule 60(b). 12-60 Moore's Federal Practice -- Civil § 60.48. Additionally, a Rule 60(b)(6) motion seeking to vacate a judgment must show "extraordinary circumstances" justifying such relief See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988); Pierce v. United Mine Workers Welfare and Retirement Fund, 770 F.2d 449 (6th Cir. 1985).

A motion seeking relief pursuant to subsections (1)-(3) of Rule 60(b) must be made within a "reasonable time", but no more than one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). A motion seeking relief pursuant to subsections (4)-(6) is not subject to the one-year limitation and must be made only within a "reasonable time" after the entry of the judgment or order or the date of the proceeding. Id.

III. <u>Discussion</u>

According to PBGC, the defendants have not satisfied the judgment. PBGC emphasizes that it seeks Rule 60(b) relief from this Court's June 14, 2006 order only insofar as the order dismissed this action and solely for the purpose of reopening the case. The parties dispute whether this Court has authority to reopen the action.

PBGC argues that Rule 60(b) empowers this Court to reopen the case because the relief PBGC seeks concerns this Court's order and judgment approving the parties' settlement agreement; because the defendants have not complied with the terms of that order; and because in the order, this Court specifically retained jurisdiction to enforce the terms of the judgment and the PBGC lien. Although PBGC cites three subsections under which it believes Rule 60(b) provides grounds for relief, the cases and arguments PBGC sets forth primarily invoke subsection(b)(6).[2] In support of its argument, PBGC relies, in part, upon a decision by the United States Court of Appeals for the Fourth Circuit which states that under the law of the Fourth Circuit, "when a settlement agreement has been breached[,] two remedies are available--a suit to enforce

---

[2] The catch-all provision of subsection (6) of Rule 60(b) and the grounds for relief provided under subsections (1)-(5) are mutually exclusive. <u>See</u> <u>Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. P'ship</u>, 507 U.S. 380, 393 (1993). Accordingly, this Court construes PBGC's motion as seeking relief pursuant to subsection (b)(6).

4

the agreement or a Rule 60(b) motion to vacate the prior dismissal." Harman v. Pauley, 678 F.2d 479, 481 (4th Cir. 1982).

404 Partners contends that PBGC's allegations do not constitute extraordinary circumstances to warrant relief under Rule 60(b)(6). Although 404 Partners argues at length that PBGC's rights and interests in the property at issue have been extinguished, 404 Partners fails to refute the assertion that the case should be reopened under Rule 60(b)(6) on the basis of PBGC's allegations that the defendants in this action have not complied with this Court's order and judgment incorporating the terms of the parties' settlement agreement, over which this Court expressly retained jurisdiction.

Although the breach of a settlement agreement incorporated in a court order expressly retaining jurisdiction over the action does not require vacation of a dismissal order, the Fourth Circuit has determined that such a circumstance is sufficiently extraordinary to justify a court's exercise of discretion in granting relief under Rule 60(b)(6). Harman, 678 F.2d at 481. Other circuits have similarly concluded. See Keeling v. Sheet Metal Workers Int'l Ass'n., Local Union 162, 937 F.2d 408, 410 (9th Cir. 1991)("Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order."); United States v. Baus, 834 F.2d 1114, 1124 (1st Cir. 1987)("As a legal matter, it is well-accepted that the material

5

breach of a settlement agreement which has been incorporated into the judgment of a court entitles the nonbreaching party to relief from judgment under Rule 60(b)(6).").[3] Here, this Court finds that PBGC's allegations of noncompliance with this Court's June 14, 2006 order demonstrate adequately extraordinary circumstances to warrant granting the relief PBGC seeks under Rule 60(b)(6), namely to reopen the case. Accordingly, this Court will grant PBGC's motion.

This ruling does not reach, and should not be construed as reaching, the merits of the allegations raised in PBGC's motion. Rather, this Court finds that it would be beneficial to hear oral argument on the substantive matters raised in PBGC's motions and to hold a status and scheduling conference to establish a schedule for receiving additional evidence before ruling on the merits. At the scheduled hearing, this Court will also consider the status of 404 Partners, LLC as a potential intervenor.

## IV. Conclusion

For the foregoing reasons, the plaintiff's motion to reopen is GRANTED. It is ORDERED that the parties and 404 Partners, LLC appear by counsel for a hearing to discuss the substantive matters raised in the plaintiff's motion to reopen and for a status and

---

[3]But see Sawka v. Healtheast, Inc., 989 F.2d 138, 140-41 (3d Cir. 1993) (breach of settlement agreement "is no reason to set the judgment of dismissal *aside*, although it may give rise to a cause of action to *enforce* the agreement."). In Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994), the United States Supreme Court acknowledged, but declined to resolve, the circuit split on this issue.

scheduling conference on **August 11, 2008 at 3:15 p.m.** at the Wheeling point of holding court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to Ray A. Byrd, Esq., counsel for 404 Partners, LLC, at Schrader, Byrd & Companion, PLLC, The Maxwell Centre, 32-20th Street, Suite 500, Wheeling, West Virginia, 26003, and to counsel of record herein.

DATED: July 18, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE